**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | | |
|---|---|---|
| STEPHANIE ZAREMBA, | ) | |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| JUANITA KHAN, | ) | |
| JOHN DOE COLLECTOR, | ) | |
| GLOBAL INTERNATIONAL INC. | ) | |
| d/b/a GLOBAL CREDIT & | ) | |
| COLLECTION, INC. | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here

**PARTIES**

4. Plaintiff Stephanie Zaremba is a natural person who resides in the City of Gaithersburg, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Defendant Global International, Inc. d/b/a Global Credit & Collection, Inc. (hereinafter "Defendant Global") is a collection agency whose principal place of business is located at 1490 Denison Avenue, Markham, L3R 9T7, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe Collector (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant Global as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Juanita Khan (hereinafter "Defendant Khan") is a natural person who was employed at all times relevant herein by Defendant Global as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9. At some time, Plaintiff incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, personal credit card accounts with Chase and Capital One, whose credit limits respectively were $21,500.00 and $16,000.00 respectively.

10. By virtue of these debts, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3);

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

*Calls to Plaintiff*

12. In between June and October 2010, Defendant Global's collector, Defendant Khan attempted to contact Plaintiff on her cell phone regarding one of these debts.

13. Defendant Khan repeatedly left voicemails regarding Plaintiff's in her efforts to collect on aforementioned debt.

14. At one point, Defendant Khan left a threatening voicemail which said, amongst other things, that Plaintiff should not attempt to hide from her and that she would find her eventually.

15. Plaintiff was very upset by this message and played it for her fiancée who was similarly disturbed by the message and tone of Defendant Khan.

*Calls to Third Parties: Plaintiff's Mother*

16. In between June and October 2010, Defendant Global's collector, Defendant Khan repeatedly attempted to contact Plaintiff's mother, Liesel Zaremba ("Mrs. Zaremba"), on her cell phone looking to speak to Plaintiff regarding her consumer debt.

17. Mrs. Zaremba told Defendant Khan that Plaintiff did not live with her and that she didn't know where she was.

18. Defendant Khan told Mrs. Zaremba that she would keep calling her until Plaintiff called them back.

19. On some occasions, Defendant Khan asked Mrs. Zaremba why Plaintiff didn't want to pay her bills.

20. Mrs. Zaremba was highly offended by these calls so she would hang up, but then Defendant Khan would immediately call back.

21. On one of these calls, Mrs. Zaremba told Defendant Khan that the latter was harassing her.

22. At that point, Defendant Khan switched over to an automated message with a male voice stating that Defendant Global was attempting to verify a debt.

23. After this call, Mrs. Zaremba stopped picking up these phone calls.

24. The voicemails all contained the automated message that the Defendant was verifying a debt owed by Plaintiff.

*Calls to Third Parties: Maggie Crooks - Office*

25. Beginning in October 2010 and spanning the course of 2 weeks, Defendant Doe and Defendant Khan began harassing Maggie Crooks about Plaintiff's debt.

26. Maggie Crooks is a manager at "Outdoor Resorts", the company that manages the resort in Sandbridge, Virginia where Plaintiff's mother maintains a summer home.

27. Mrs. Crooks has no other personal relationship with either the Plaintiff or her mother.

28. In October 2010, Defendant Doe, telephonically contacted Maggie Crooks at her office in an effort to collect on Plaintiff's debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

29. Defendant Doe stated that he was calling on behalf of Global Credit.

30. Defendant Doe then asked Mrs. Crooks to speak to the Plaintiff.

31. Ms. Crooks said that there was no Stephanie at that number.

32. Defendant Doe then asked to speak to Mrs. Zaremba, the Plaintiff's mother.

33. Mrs. Crooks then informed Defendant Doe that Plaintiff's mother was not at this number.

34. Mrs. Crooks also stated that she was not allowed to give out information on Plaintiff or Plaintiff's mother because of privacy concerns.

35. Defendant Doe then accused Mrs. Crooks of being a liar.

36. Mrs. Crooks did not appreciate this accusation and hung up the phone.

37. At a later date in October 2010, Defendant Doe telephonically contacted Maggie Crooks at her office in an effort to collect on Plaintiff's debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. Defendant Doe stated that he was calling on behalf of Global Credit.

39. Defendant Doe then asked Mrs. Crooks to speak to the Plaintiff.

40. Mrs. Crooks again told Defendant Doe that there was no Stephanie at this number.

41. Defendant Doe then asked to speak to Mrs. Zaremba.

42. Mrs. Crooks then informed Defendant Doe that Plaintiff's mother was not at this number and asked why Defendant Doe was calling her number.

43. Defendant Doe told Mrs. Crooks it was urgent that Plaintiff or her mother call him back.

44. Defendant Khan also warned Mrs. Crooks that he would be calling the office until Plaintiff or her mother called her back.

45. Defendant Doe also threatened legal action against Mrs. Crooks and stated that Plaintiff was involved in a very serious legal matter that involved a significant amount of money involving a restaurant.

46. Afterwards, Defendant Doe followed through on his threat and both he and Defendant Doe called the office on multiple occasions looking to speak to Plaintiff or her mother.

47. Some of these calls were answered by Donna Miller, Mrs. Crooks's assistant.

*Calls to Third Parties: Maggie Crooks - Home*

48. After the initial two calls to the office, Defendant Doe telephonically contacted Maggie Crooks at her home in an effort to collect on Plaintiff's debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

49. Defendant Doe stated that he was calling on behalf of Global Credit.

50. Defendant Doe then asked Mrs. Crooks to speak to the Plaintiff.

51. Mrs. Crooks said that there was no Stephanie at that number.

52. Defendant Doe then asked to speak to Mrs. Zaremba, the Plaintiff's mother.

53. Mrs. Crooks then informed Defendant Doe that Plaintiff's mother was not at this number and that this was the emergency contact number for Outdoor Resorts.

54. Defendant Doe then stated that it was an emergency and that it was urgent that Plaintiff or her mother call her back.

55. Mrs. Crooks then hung up on Defendant Doe.

56. Soon afterwards, Defendant Doe called back, again looking to speak to the Plaintiff.

57. Mrs. Crooks again told Defendant Doe that there was no Stephanie at this residence, and Defendant Doe again called her a liar.

58. Mrs. Crooks hung up once again on Defendant Doe.

59. A few minutes later Defendant Doe attempted to call for the third time, but Mrs. Crooks's husband told her not to pick up on the phone.

Complaint - 4

60. Mrs. Crooks initially didn't want to bother Plaintiff or her mother about these calls, but they became so invasive that she had to put a stop to them

61. On or about October 21, 2010, Mrs. Crooks e-mailed Plaintiff's mother informing her of what had happened, telling her that she would appreciate her "handling this ASAP".

62. All of the above-described collection communications made to Plaintiff and other third parties by Defendants Doe and Khan were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, amongst others.

## LEGAL APPLICATION

63. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant Global, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

64. The above-detailed pattern of conduct by these Defendants of harassing Plaintiff, her mother, and an innocent third party, in efforts to collect her debt constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

65. Due to these series of abusive collection calls by Defendant Global and its employees, Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

66. Defendants' repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of her privacy and her right to financial privacy

67. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of the Plaintiff and caused her unnecessary personal strain in her relationship with her mother.

*Respondeat Superior Liability*

68. The acts and omissions of Defendants Doe and Khan, who communicated with Plaintiffs and various third parties as further described herein, were committed within the time and space limits of the former's agency relationship with her principal, Defendant Global.

69. The acts and omissions by Defendant Khan and Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Global in collecting consumer debts.

70. By committing these acts and omissions against Plaintiff, Defendants Doe and Khan were motivated to benefit their principal, Defendant Global.

71. Defendant Global is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff, Plaintiff's mother, and Mrs. Crooks, an innocent third party.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

74. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;
b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and
d) For such other and further relief as this Court deems just and proper.

**COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

75. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

76. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

77. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

78. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt that he apparently did not owe and thereby invaded Plaintiff's privacy.

79. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

80. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

81. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

82. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b) For an award of reasonable attorney's fees and costs; and

c) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

83.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted this 18th day of July, 2011

STEPHANIE ZAREMBA

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com